In re QUO VADIS AMUSEMENT CO.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. CORPORATION—VOLUNTARY DISSOLUTION—ORDER TO SHOW CAUSE—RETURN DAY—AMENDMENT NUNC PRO TUNC.

Code Civ. Proc. § 723, authorizes the court, in furtherance of justice, to amend any process by correcting a mistake or inserting a material allegation; and section 724 authorizes it at any time within one year to supply any omission in any proceeding. In proceedings for the voluntary dissolution of a corporation, a creditor was served with a copy of the order to show cause, in which a certain return day was specified. On the day named he made a general appearance, and then discovered that the original order was without a return day, and moved to dismiss the proceeding. *Held*, that an amendment nunc pro tunc inserting the return day contained in the copy was properly allowed by the court.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Proceedings for the voluntary dissolution of the Quo Vadis Amusement Company. From an order allowing an amendment nunc pro tunc to an order to show cause, and from an order directing a reference, the W. J. Morgan Company, a creditor, appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Josiah Canter, for appellant.
Alfred Pagelow, for respondent.

HATCH, J. On or about October 16, 1902, on a petition for a voluntary dissolution, an order was granted at Special Term to show cause why such dissolution should not be had. The appellant herein is one of the petitioner's largest creditors, and was served with a paper purporting to be a copy of the order to show cause. The copy was duly served, and the return day mentioned therein was January 8, 1903. On the return day the parties appeared in court pursuant to the service of a copy of said order, when it was discovered by the appellant that the return day which had first been written in the original order was December 6, 1902; that this had been marked out with ink, and no other date inserted. The appellant's counsel then objected to the jurisdiction of the court. The petitioner's counsel thereupon moved to be allowed to amend the order nunc pro tunc, so that it should be returnable on the same day as the return day written in all the copies, viz., January 8, 1903. This amendment was allowed by the court,

and it then granted an order of reference to ascertain the facts. From the order allowing the amendment and from the order of reference this appeal is taken.

The paper which conferred jurisdiction upon the court to act was the petition. It appeared therefrom that it asked for the voluntary dissolution of the corporation. No defect is claimed to have existed in the petition, and the court was thereupon authorized to grant an order to show cause. Such order was in all respects perfect, save that it did not contain the date upon which it was returnable. The omission in this particular from the order was the result of inadvertence. The copies which were served were in no wise defective, either in this respect or in any other. It is clear, therefore, that neither the applicant, nor any of the other parties interested in the proceeding, were misled to their prejudice; nor could the omission of the date from the original order work harmful results, or mislead to the prejudice of any creditor. Under similar circumstances, it has been held that the order, as granted, was not a nullity, as the court possessed jurisdiction to grant it, and, as the defect was harmless, it could be cured by an amendment nunc pro tunc, and thus the defect be cured. Matter of C. J. Co., 128 N. Y. 550, 28 N. E. 665.

The propriety of the amendment is clear, and the authority to grant it seems to be ample, not only as expressed in the adjudicated cases, but under the provisions of sections 723 and 724 of the Code of Civil Procedure. There had also been a general appearance by the appellant in the proceeding before the motion to dismiss was made. Under such circumstances, the authority to grant the order is abundant. 1 Enc. Pleading & Practice, pp. 666, 667, and cases cited.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur, except VAN BRUNT, P. J., who dissents.